IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00114-LTB-MEH

MACK W. THOMAS,

    Applicant,

v.

JOE ORTIZ, Executive Director of D.O.C., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.
_____

**ORDER DENYING SECOND PETITION FOR PRODUCTION OF
DOCUMENTS AND THINGS PURSUANT TO RULE 34**
_____

Pending before the Court is a second motion, filed by Applicant, requesting that the Respondents be directed to provide him with "free" copies of various transcripts and other documents from the state court proceedings in his underlying criminal cases [doc #29]. "A habeas [applicant], unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). The applicant is entitled to discovery only "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6(a) of the § 2254 Rules; *see Smith v. Gibson*, 197 F.3d 454, 459 (10th Cir. 1999). The judge may limit the extent of the discovery, and the Applicant must provide reasons for each request. *Id.*; *see also* Rule 6(b) of the § 2254 Rules. Good cause is established if the applicant makes *specific* allegations that give the court "reason to believe that the [applicant] may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09 (quotation omitted); *Wallace v. Ward*, 191 F.3d 1235, 1245 (10th

Cir. 1999).

Here, the Applicant has made overly broad and conclusory discovery statements, which do not tie his requests with any specificity to the claims he has presented in this case or to any matter raised by the Answer to Order to Show Cause filed by the Respondents.  The Applicant is not allowed to use discovery as a fishing expedition; he must demonstrate good cause as to what facts he intends to develop from this discovery, and must specify why those facts and his requests would be relevant to his claims in light of the provisions of 28 U.S.C. § 2254(e)(1)&(2), which, among other things, limit the scope of fact finding by this Court.  The Applicant is reminded, once again, that the function of this Court on habeas review is not to determine guilt or innocence, but to determine whether "[h]e is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), based on an adjudication in the state court which satisfies the mandates of 28 U.S.C. § 2254(d).

Accordingly, it is hereby **ORDERED** that Applicant's second Petition For Production of Documents and Things [filed May 29, 2007; Docket #29] is **denied without prejudice**.

Dated at Denver, Colorado, this 12th day of October, 2007.

               BY THE COURT:

                s/ Michael E. Hegarty
               Michael E. Hegarty
               United States Magistrate Judge