IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00114-LTB-MEH

MACK W. THOMAS,

    Applicant,

v.

JOE ORTIZ, Executive Director of D.O.C., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on October 16, 2009.**

Applicant's Request [Motion] for Habeas Corpus Due to Change of Status [filed October 13, 2009; docket #81] is **denied**. Applicant seeks to supplement his pending Application to request the Court's review of a conviction and sentence that was imposed recently by the Boulder County District Court.

However, as Applicant is well aware from the procedural history of this matter, the Court may not review a state court judgment prior to its completion of the state appellate process. Exhaustion of available and adequate state court remedies is a prerequisite to a habeas corpus review in federal court. *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); 28 U.S.C. § 2254(b).

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights. To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim to each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). Thus, to properly seek federal court review of the recent state court conviction and sentence, Applicant must pursue his available remedies for review through the state court system first.